UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIELLE DUPONT,

   Plaintiff,

v.

VIKING CLIENT SERVICES,
INC.,

   Defendant.
_____/

## I. Introduction

1.   This is an action for damages brought against a debt collector for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and Michigan Occupational Code ("MOC"), M.C.L. § 339.901 *et seq.*

## II. Jurisdiction

2.   This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here.

## III. Parties

3.   Plaintiff Danielle DuPont is a natural person residing in Kent County, Michigan. Ms. DuPont is a "consumer" and "person" as the terms are defined and used in the FDCPA. Ms. DuPont is a "consumer," "debtor" and "person" as the terms are defined and used in the MOC.

4.   Defendant Viking Client Services, Inc. ("Viking"), also known as Viking

1

Collection Service, is a Minnesota corporation, with offices at 7500 Office Ridge Circle, Suite 100, Eden Prairie, Minnesota 55344. The registered agent for Viking in Michigan is Business Filings Incorporated, 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025. Viking uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Viking regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Viking is a "debt collector" as the term is defined and used in the FDCPA. Viking is licensed (No. 2401000627) by the State of Michigan to collect consumer debts in Michigan. Viking is a "collection agency" and "licensee" as the terms are defined and used in MOC.

### IV.    Facts

5.  Ms. DuPont had a credit account which she used to purchase goods and/or services for personal, family and household purposes. Any resulting obligation of Ms. DuPont to money was a "debt" as the term is defined and used in the FDCPA and MOC.

6.  Ms. DuPont allegedly defaulted on her obligation to pay the alleged debt.

7.  Ms. DuPont disputes the alleged debt.

8.  Ms. DuPont refuses to pay the alleged debt.

9.  The original creditor, a entity affiliated with the original creditor, or a successor in interest of the original creditor, placed the account with Viking to collect the related, alleged debt from Ms. DuPont.

10. On or about July 5, 2012, at approximately 8:16 a.m., Michigan time, Viking placed a call to Ms. DuPont's telephone and a Viking employee left the following message on Ms. DuPont's telephone voice mail: "Hi. This message is for Danielle DuPont. My name is

Sharon Hughes with Viking Client Services. It is very important I speak with you. What I'll do is leave my toll free number which is my direct line. However, I will be in and out of the office for a majority of the day. I can be reached at 800-317-6316. Again, that's 800-317-6316. If I don't answer, please just leave a quick message and I will return your call promptly. Thank you." According to Ms. DuPont's caller identification, the described telephone call originated from telephone number 952-288-2792.

11.    Ms. DuPont received and listened to the above-quoted message left on her telephone voice mail by Viking and its employee.

12.    Viking and its employee placed the above-described telephone call to Ms. DuPont and left the above-quoted message on Ms. DuPont's telephone voice mail, in connection with efforts by Viking and its employee to collect the alleged debt from Ms. DuPont.

13.    Viking and its employee placed the above-described telephone call to Ms. DuPont and left the above-quoted message on Ms. DuPont's telephone voice mail, in connection with efforts by Viking and its employee to induce Ms. DuPont to place a return telephone call to Viking so that Viking and its employee could continue in their efforts to collect the alleged debt from Ms. DuPont.

14.    Viking and its employee placed the above-described telephone call to Ms. DuPont and left the above-quoted message on Ms. DuPont's telephone voice mail, for the animating purpose of inducing Ms. DuPont to pay the alleged debt.

15.    The above-quoted message left by Viking and its employee on Ms. DuPont's telephone voice mail, requesting that Ms. DuPont call Viking and its employee at a designated telephone number constituted a "communication" as the term is defined and used in the FDCPA

and MOC.

16. Viking and its employee in the above-quoted message left on Ms. DuPont's telephone voice mail communicated information regarding the alleged debt directly and indirectly to Ms. DuPont.

17. Viking and its employee did not disclose in the above-quoted message they left for Ms. DuPont on her telephone voice mail that Viking and its employee were attempting to collect a debt from Ms. DuPont and that any information obtained would be used for that purpose.

18. Viking and its employee did not disclose in the above-quoted message they left for Ms. DuPont on her telephone voice mail that Viking and its employee were debt collectors.

19. Viking and its employee violated the FDCPA by failing to disclose in the above-quoted message they left for Ms. DuPont on her telephone voice mail that Viking and its employee were attempting to collect a debt and that any information obtained would be used for that purpose. 15 U.S.C. § 1692e(11). *See, e.g., Joseph v. J.J. Mac Intyre Companies, L.L.C.*, 281 F.Supp.2d 1156 (N.D. Cal. 2003); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104 (C.D. Cal. 2005); *Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643 (S.D.N.Y. 2006).

20. Viking and its employee violated the FDCPA by failing to disclose in the above-quoted message they left for Ms. DuPont on her telephone voice mail that Viking and its employee were debt collectors. 15 U.S.C. § 1692e(11). *See, e.g., Joseph v. J.J. Mac Intyre Companies, L.L.C.*, 281 F.Supp.2d 1156 (N.D. Cal. 2003); *Hosseinzadeh v. M.R.S. Associates,*

*Inc.*, 387 F.Supp.2d 1104 (C.D. Cal. 2005); *Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643 (S.D.N.Y. 2006).

21. When Viking and its employee left the above-described message for Ms. DuPont on her telephone voice mail, Viking and its management were aware of the multiple published federal district court opinions in which the courts have held that it is unlawful for a debt collector to leave a recorded message for a debtor/consumer without identifying itself as a debt collector and without disclosing that the caller is attempting to collect a debt and that any information obtained would be used for that purpose. *See Joseph v. J.J. Mac Intyre Companies, L.L.C.*, 281 F.Supp.2d 1156 (N.D. Cal. 2003); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104 (C.D. Cal. 2005); *Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643 (S.D.N.Y. 2006).

22. Viking and its employee did not reveal the purpose of their telephone call in the above-quoted message left by Viking and its employee on Ms. DuPont's voice mail.

23. Viking and its employee concealed the purpose of their telephone call in the above-quoted message left by Viking and its employee on Ms. DuPont's voice mail.

24. Viking and its employee did not reveal and concealed the purpose of their telephone call in the above-quoted message left by Viking and its employee on Ms. DuPont's voice mail, which violated the MOC, M.C.L. § 339.915(e).

25. Viking's employee violated Viking's company policy when the Viking employee did not disclose in the above-quoted message she left for Ms. DuPont on Ms. DuPont's voice mail that Viking and its employee were attempting to collect a debt from Ms. DuPont and that any information obtained would be used for that purpose.

26. Viking's employee violated Viking's company policy when the Viking employee did not disclose in the above-quoted message she left for Ms. DuPont on Ms. DuPont's voice mail that Viking and its employee were debt collectors.

27. Viking's employee did not violate Viking's company policy when the Viking employee did not disclose in the above-quoted message she left for Ms. DuPont on Ms. DuPont's voice mail that Viking and its employee were attempting to collect a debt from Ms. DuPont and that any information obtained would be used for that purpose.

28. Viking's employee did not violate Viking's company policy when the Viking employee did not disclose in the above-quoted message she left for Ms. DuPont on Ms. DuPont's voice mail that Viking and its employee were debt collectors.

29. In the one-year period immediately preceding the filing of this complaint, Viking and its employees in connection with efforts to collect consumer debts, placed telephone calls to more than one hundred persons with Michigan addresses and Michigan telephone numbers, and left one or more recorded messages on the voice mail or telephone answering machine of the person called, without disclosing in the message that Viking and its employee were attempting to collect a debt and that any information obtained would be used for that purpose.

30. In the one-year period immediately preceding the filing of this complaint, Viking and its employees in connection with efforts to collect consumer debts, placed telephone calls to more than one hundred persons with Michigan addresses and Michigan telephone numbers, and left one or more recorded messages on the voice mail or telephone answering machine of the person called, without disclosing in the message that the telephone call was from a debt collector.

31. In the four-year period immediately preceding the filing of this complaint, Viking

and its employees in connection with efforts to collect consumer debts, placed telephone calls to more than one hundred persons with Michigan addresses and Michigan telephone numbers, and left one or more recorded messages on the voice mail or telephone answering machine of the person called, without revealing in the message the purpose of the telephone call.

32. In the four-year period immediately preceding the filing of this complaint, Viking and its employees in connection with efforts to collect consumer debts, placed telephone calls to more than one hundred persons with Michigan addresses and Michigan telephone numbers, and left one or more recorded messages on the voice mail or telephone answering machine of the person called, and concealed the purpose of the telephone call.

33. Viking has been sued multiple times in various United States District Courts for allegedly violating the FDCPA when collecting consumer debts by allegedly leaving voice messages for consumers without disclosing that Viking and its employees are debt collectors.

34. On or about July 5, 2012, at approximately 10:56 a.m., Michigan time, Ms. DuPont placed a telephone call to Viking at 800-317-6316. The call was answered by a voice mail recording by Sharon Hughes. Ms. DuPont left her name and telephone number.

35. On or about July 5, 2012, at approximately 11:06 a.m., Michigan time, a Viking employee placed a call to Ms. DuPont's telephone and spoke with Ms. DuPont. The Viking employee stated that her name was Sharon Hughes. The Viking employee stated that Viking was attempting to collect a debt owed by Ms. Hughes in connection with a charged-off Sam's Club account. The Viking employee threatened Ms. DuPont with litigation. The Viking employee stated that the conversation would be Viking's only contact with Ms. DuPont before the account was prepared for litigation. Ms. DuPont stated that she was unwilling and unable to pay the

alleged debt.

36. Viking and its employee falsely represented and falsely implied to Ms. DuPont that a lawsuit would be filed against Ms. DuPont to collect the alleged debt.

37. It is unlawful for a debt collector to use "any false representation or deceptive means to collect or attempt to collect any debt. . . ." 15 U.S.C. § 1692e(10).

38. It is unlawful for a debt collector to threaten to take any action that cannot legally be taken or that is not intended to be taken. 15 U.S.C. § 1692e(5).

39. Viking and its employee falsely represented and falsely implied to Ms. DuPont that a lawsuit would be filed against Ms. DuPont to collect the alleged debt, and thereby violated the FDCPA, 15 U.S.C. §§ 1692e(5) and (10), and violated Michigan law.

40. The least sophisticated consumer, upon hearing the false representations made by Viking and its employee to Ms. DuPont, might be improperly coerced into paying a debt that the consumer does not owe, or cannot afford to pay, or might choose to dispute. The false representations made by Viking and its employee to Ms. DuPont in connection with efforts to collect the alleged debt from Ms. DuPont were material misrepresentations.

41. Viking failed to send Ms. DuPont a timely notice containing the information required by the FDCPA, 15 U.S.C. § 1692g(a), and required by the MOC, M.C.L. § 339.918(1).

42. The FDCPA states in part, "It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors" and "to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e).

43. Viking, to increase its business and profits, has knowingly chosen to use debt

collection practices that violate the FDCPA and Michigan law, to the competitive disadvantage of those debt collectors who have chosen to abide by the law and refrain from using those same unlawful debt collection practices.

44. The acts and omissions of Viking and its employees done in connection with efforts to collect the alleged debt from Ms. DuPont were done intentionally and wilfully.

45. Viking and its employees intentionally and wilfully violated the FDCPA and MOC.

46. As an actual and proximate result of the acts and omissions of Viking and its employees, plaintiff has suffered actual damages and injury, including but not limited to, monetary loss, fear, stress, mental anguish, emotional stress, acute embarrassment, anxiety, loss of sleep, and suffering, for which she should be compensated in an amount to be established by jury and at trial.

## V. Claims for Relief

### Count 1 – Fair Debt Collection Practices Act

47. Plaintiff incorporates the foregoing paragraphs by reference.

48. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

   a) Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

   b) Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted

       collection of a debt;

  c)     Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt from plaintiff; and

  d)     Defendant violated 15 U.S.C. § 1692g.

**Wherefore,** plaintiff seeks judgment against defendant for:

  a)     Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

  b)     Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  c)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

  d)     Such further relief as the court deems just and proper.

### Count 2 – Michigan Occupational Code

49.    Plaintiff incorporates the foregoing paragraphs by reference.

50.    Defendant has violated the MOC. Defendant's violations of the MOC include, but are not necessarily limited to, the following:

  a)     Defendant violated M.C.L. § 339.915(a) by communicating with a debtor in a misleading or deceptive manner;

  b)     Defendant violated M.C.L. § 339.915(e) by concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt;

  c)     Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

  d)     Defendant violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened, and (ii) the legal rights of a creditor or debtor;

e)   Defendant violated M.C.L. § 339.915(n) by using a harassing, oppressive, or abusive method to collect a debt; and

f)   Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee; and

g)   Defendant violated M.C.L. § 339.918(1).

**Wherefore,** plaintiff seeks judgment against defendant for:

a)   Actual damages pursuant to M.C.L. § 339.916(2);

b)   Treble the actual damages pursuant to M.C.L. § 339.916(2);

c)   Statutory damages pursuant to M.C.L. § 339.916(2); and

d)   Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

### Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: September 15, 2012

*/s/ Phillip C. Rogers*
Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com